IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YERO BANDELE and OLIVIA WINTZ, | |
| Plaintiffs pro se, | CIVIL ACTION FILE |
| v. | NO. 1:09-CV-1031-TWT-WEJ |
| AMERICAN HOME MORTGAGE SERVICING, INC., McCURDY & CANDLER, LLC, | |
| Defendants. | |

**FINAL REPORT AND RECOMMENDATION**

This case arises out of plaintiffs' Emergency Petition to Temporarily Set Aside Foreclosure Sale [1-2], originally filed in the Superior Court of Newton County, Georgia, in which plaintiffs allege violations of the Fair Debt Collection Practices Act ("FDCPA"), the Truth in Lending Act ("TILA"), and the Georgia Fair Lending Act. (See Am. Compl. [22] ¶¶ 23-26.) Now before the Court is defendant American Home Mortgage Servicing, Inc.'s ("AHMSI's") Motion to Dismiss, or, In the Alternative, for Summary Judgment ("Motion to Dismiss") [25].[1]  For the reasons

---

[1] The Motion to Dismiss does not address the Amended Complaint, which was filed three days prior to that Motion. Defendant subsequently filed a Motion to Strike the Amended Complaint [27], which the Court denied. (Order of Aug. 19, 2009 [32].) The Court noted, however, that defendant's Motion "adequately addresses each count of the Amended Complaint." (Id. at 6.)

discussed below, the undersigned **RECOMMENDS** that AHMSI's Motion to Dismiss [25] be **GRANTED**.

I. **STATEMENT OF FACTS**[2]

In support of its Motion, defendant as movant filed Defendant American Home Mortgage Servicing, Inc.'s Statement of Undisputed Material Facts [25-3] ("DSMF"). See N.D. Ga. R. 56.1(B)(1). As required by Local Rule 56.1(B)(2), plaintiffs, as respondents, submitted Plaintiffs' Local Rule 56.1 Statement in Opposition to Defendant's Motion to Dismiss or in the Alternative for Summary Judgment [33-3] ("Pls.' Resp. to DSMF").[3]

The Local Rules provide as follows:

> This Court will deem each of the movant's facts as admitted unless the respondent: (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility

---

[2] As discussed below, the undersigned recommends granting defendant's Motion to Dismiss pursuant to Rule 12(b)(6) because the Complaint fails to state a claim upon which relief can be granted. However, this statement of facts is included to provide context for the Motion to Dismiss, discussed infra Part II.A, and for consideration of the Motion for Summary Judgment, discussed infra Part II.B.

[3] The Local Rules also provide that, with her responsive brief, a respondent shall include "[a] statement of additional facts which the respondent contends are material and present a genuine issue for trial." N.D. Ga. R. 56.1(B)(2)(b). Plaintiffs failed to comply with this rule.

2

>of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1 B.(1).

N.D. Ga. R. 56.1(B)(2)(a)(2).

In many instances, plaintiffs supplement their admissions of defendant's proposed facts with additional allegations or arguments. (See Pls.' Resp. to DSMF ¶¶ 1-3, 5-7, 9-14, 16, 18-19.) In no instance does plaintiffs' response comport with the Local Rules's requirements for valid objections. (See generally id.) Accordingly, the Court deems each of AHMSI's proposed facts admitted. The Court does, however, address plaintiffs' additional arguments below.

On November 28, 2006, plaintiff pro se, Olivia Wintz, took out a loan in the original principal amount of $477,000 from AHM Mortgage. (DSMF ¶ 1.) As security for that loan, Ms. Wintz pledged the property at 125 Brown Thrasher Run, Oxford, Georgia, executing a security deed that AHM Mortgage subsequently assigned to AHMSI. (Id. ¶¶ 2, 4; see also Def.'s Ex. A [25-4] (security deed).) The deed and the subsequent assignment were filed and recorded with the Clerk of Newton County Superior Court. (DSMF ¶¶ 3-4; see also Def.'s Ex. C [25-6] (assignment of security deed).) The security deed provides that, in the event of Ms.

3

Wintz's default, the lender may accelerate the amount due and sell the property by nonjudicial foreclosure. (DSMF ¶ 5; Def.'s Ex. A ¶ 22.)

Ms. Wintz executed several additional documents in connection with the closing. In the Waiver of Borrower's Rights, Ms. Wintz acknowledged the lender's right to accelerate the debt upon default, the right to sell the premises by nonjudicial foreclosure, and that "all waivers of . . . rights . . . have been made knowingly, intentionally and willingly . . . as part of a bargained for loan transaction." (DSMF ¶ 6; Waiver of Borrower's Rights [25-7].) Ms. Wintz also signed a Truth-in-Lending disclosure statement [25-8], a Notice of Right to Cancel [25-9], and a HUD-1 Settlement Statement [25-10]. (DSMF ¶ 7.) Ms. Wintz does not dispute that she signed all of those documents at the closing.

Ms. Wintz failed to make any mortgage payments after October 2007. (DSMF ¶ 8.) She filed two bankruptcy cases during 2008, both of which were dismissed. (Id. ¶¶ 9, 11, 13.) Although she admitted the validity of her debt to AHMSI in both bankruptcy filings (id. ¶¶ 10-11) and in a November 2008 letter to AHMSI (id. ¶ 12), on March 12, 2009, Ms. Wintz sent AHMSI a "Sworn Denial" in which she disputed the validity of the debt (id. ¶¶ 14-15).

Plaintiff pro se, Yero Bandele, filed his Emergency Petition to Temporarily Set Aside Foreclosure Sale [1-2] "for and on behalf of" Ms. Wintz, his wife, in the Superior Court of Newton County, Georgia, on April 3, 2009, and defendants removed the action to this Court.

## II.   DISCUSSION

### A.   Motion to Dismiss

In its Answer [2] and the instant Motion, AHMSI contends that plaintiffs fail to state a claim upon which relief can be granted.[4] Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, all of the factual allegations in the complaint must be accepted and construed in the light most favorable to the plaintiff. Young Apts., Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. 2008); Beck v. Deloitte & Touche, 144 F.3d 732, 735 (11th Cir.

---

[4] Defendant's arguments apply equally to the Amended Complaint, the primary purpose of which appeared to be the joinder of Mr. Bandele. Plaintiffs mistakenly believed that Mr. Bandele legally represented his wife through a power of attorney, or that they were proceeding as co-plaintiffs by virtue of their marital status. Given plaintiffs' pro se status, the Court permitted the amendment and joinder. (See Order of Aug. 19, 2009 at 3-6.) The undisputed facts, however, establish that Mr. Bandele is not a real party in interest with respect to the loan, regardless of his interest in the real property. Thus, his presence in the instant lawsuit is inconsequential.

5

1998). A motion to dismiss does not test the merits of a case, but only requires that "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007)).[5] "'While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65); see also Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949-50 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[5] Twombly abrogated the oft-quoted statement in Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99 (1957), that a "'complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (quoting Conley, 355 U.S. at 45-46, 78 S. Ct. at 102).

Here, plaintiffs' Amended Complaint fails to present more than "labels and conclusions" to satisfy the "obligation to provide the grounds of [their] entitlement to relief." Mills, 511 F.3d at 1303. For example, although they allege receipt of notices of foreclosure sales (Am. Compl. ¶¶ 11, 15), plaintiffs also allege that AHMSI "deliberately failed or refused to provide material proof of authority" to proceed with a foreclosure sale (id. ¶ 13). Plaintiffs further allege that AHMSI "conspired to commit fraud" (id. ¶ 17), "sought to obligate and charged [p]laintiffs a principal and interest fee for a loan in which it appears that the [p]laintiffs are both a creditor and a borrower" (id. ¶ 19), and "attempted to execute . . . the unlawful and fraudulent seizure of [p]laintiffs' real property" (id. ¶ 20).

However, plaintiffs allege no facts in support of these claims. They do not, for example, allege that AHMSI is a "debt collector" within the meaning of the FDCPA, see 15 U.S.C. § 1692a(6), or that AHMSI was the lender in the loan transaction, as required under TILA. They do not allege any facts supporting a conclusion that the attempted nonjudicial foreclosure sale violated state law. Thus, the Amended Complaint does not permit the Court to do more than infer the

7

possibility of misconduct.[6] Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss [25] be **GRANTED**.

### B.    Motion for Summary Judgment

Even if plaintiffs' Amended Complaint stated a claim for which relief could be granted, summary judgment should be granted in favor of AHMSI. Summary judgment shall be "rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party moving for summary judgment bears the initial burden of "informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact." Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 840 (11th Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53 (1986)). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed

---

[6] The threshold of sufficiency is heightened for fraud claims. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); WESI, LLC v. Compass Envtl., Inc., 509 F. Supp. 2d 1353, 1358 (N.D. Ga. 2007) ("Rule 9(b) requires plaintiffs in a fraud case to specify the who, what, where, when, why, and how of the alleged fraud.").

a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The non-moving party then "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see also Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (non-movant then required "to go beyond the pleadings" and present competent evidence in form of affidavits, depositions, admissions and the like, designating "specific facts showing that there is a genuine issue for trial"). Generally, "[t]he mere existence of a scintilla of evidence" supporting the non-movant's case is insufficient to defeat a motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512 (1986). If in response the non-moving party does not sufficiently support an essential element of his case as to which he bears the burden of proof, summary judgment is appropriate. Rice-Lamar, 232 F.3d at 840. "In determining whether genuine issues of material fact exist, [the Court] resolve[s] all ambiguities and draw[s] all justifiable inferences in favor of the non-moving party." Id. (citing Anderson, 477 U.S. at 255, 106 S. Ct. at 2513); see also Hammer v. Slater, 20 F.3d 1137, 1141 (11th Cir. 1994) ("Once the

9

moving party has met its initial burden by negating an essential element of the non-moving party's case, the burden on summary judgment shifts to the non-moving party to show the existence of a genuine issue of material fact. For issues on which the non-moving party will bear the burden of proof at trial, the non-moving party must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency.") (citation and quotation marks omitted).

In deciding a summary judgment motion, the court's function is not to resolve issues of material fact but rather to determine whether there are any such issues to be tried. Anderson, 477 U.S. at 251, 106 S. Ct. at 2511-12. The applicable substantive law will identify those facts that are material. Id. at 248, 106 S. Ct. at 2510. Facts that are disputed, but which do not affect the outcome of the case, are not material and thus will not preclude the entry of summary judgment. Id. Genuine disputes are those in which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. For factual issues to be "genuine," they must have a real basis in the record. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). When the record as a whole could

10

not lead a rational trier of fact to find for the non-movant, there is no "genuine issue for trial." Id. at 587, 106 S. Ct. at 1356.

Here, summary judgment should be entered for AHMSI on plaintiffs' FDCPA claim because "the FDCPA applies only to 'debt collectors' and not to creditors or mortgage servicers." Hennington v. Greenpoint Mortgage Funding, Inc., No. 1:09-cv-676-RWS, 2009 WL 1372961, at *6 (N.D. Ga. May 15, 2009) (citing 15 U.S.C. § 1692a(6)). AHMSI was not a third-party debt collector; rather, it was attempting to collect on its own debt from Ms. Wintz. Thus, plaintiffs' FDCPA claim fails.

Plaintiffs' TILA and Georgia Fair Lending Act claims likewise fail because the undisputed facts show that Ms. Wintz signed the Security Deed [25-4], the Adjustable Rate Note [25-5], the Waiver of Borrower's Rights [25-7], the Truth-in-Lending disclosure statement [25-8], the Notice of Right to Cancel [25-9], and the HUD-1 Settlement Statement [25-10]. Ms. Wintz has made no showing that she was mentally incompetent to execute those documents. See O.C.G.A. § 13-3-24. Nor have plaintiffs presented probative evidence to refute the accuracy or validity of any of those documents.

The crux of plaintiffs' contentions is that Ms. Wintz "was ignorant of the mortgage process, and intimidated by the legal language and the volume of

11

documents presented by the closing attorney." (Pls.' Resp. to DSMF ¶ 1.) They further allege that the closing attorney "postured himself as representing [p]laintiff['s] interest at [the] closing." (Id.) However, plaintiffs' belief that the closing attorney represented Ms. Wintz's interest is insufficient to establish an attorney-client relationship. In Georgia, "[w]here there is a lender and a borrower and the closing attorney was retained by the lender, the closing attorney represents only the lender." Garrett v. Fleet Fin., Inc. of Ga., 556 S.E. 2d 140, 145 (Ga. App. 2001) (citations omitted). "Even the selection of the attorney and payment of the attorney's fees under the terms of the sales contract does not create an attorney-client relationship when the attorney represents the lender, because professional standards regarding conflict of interest prohibit such conflicting multiple representations." Id. (citations omitted). Thus, Ms. Wintz's ignorance of the process and her belief that the closing attorney represented her interest, while unfortunate, can not preclude summary judgment in favor of AHMSI where the undisputed facts show that she knowingly and willingly entered into the mortgage transaction.

### III. CONCLUSION

In sum, plaintiffs' Amended Complaint should be dismissed for failure to state a claim because it makes only conclusory allegations and fails to plead fraud with the

required particularity. Moreover, the evidence of record establishes that summary judgment should be entered for defendants because there is no genuine dispute as to any material fact.

For the reasons stated above, the Court **RECOMMENDS** that AHMSI's Motion to Dismiss [25] be **GRANTED**.[7]

**SO RECOMMENDED**, this 11th day of September, 2009.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

---

[7] The Court's recommendation applies equally to all named defendants, including McCurdy & Candler, LLC, American Home Mortgage Corp., Mortgage Electronic Registration Systems, and Option One Mortgage Corp.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YERO BANDELE and OLIVIA WINTZ, | |
| Plaintiffs, | CIVIL ACTION FILE |
| v. | NO. 1:09-CV-1031-TWT-WEJ |
| AMERICAN HOME MORTGAGE SERVICING, INC., McCURDY & CANDLER, LLC, | |
| Defendants. | |

**ORDER FOR SERVICE OF**
**<u>FINAL REPORT AND RECOMMENDATION</u>**

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within ten days of the receipt of this Order.  Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party.  The party filing objections will be

AO 72A
(Rev.8/82)

responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Final Report and Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 11th day of September, 2009.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)